**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 05-4095**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONNIE DALE BROADWELL,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge.  (CR-04-296)

―――――――――

Submitted:  June 22, 2005                    Decided:  July 18, 2005

―――――――――

Before LUTTIG, MICHAEL, and DUNCAN, Circuit Judges.

―――――――――

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

―――――――――

Louis Carr Allen, III, Federal Public Defender, Thomas Norman Cochran, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra Jane Hairston, Assistant United States Attorney, Anna Mills Wagoner, United States Attorney, Greensboro, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ronnie Dale Broadwell pled guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) (2000) and being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) (2000).[1] Broadwell was sentenced to sixty-eight months in prison. The district court also specified an alternative sentence of forty-six to fifty-seven months in prison under United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004), vacated, 125 S. Ct. 1051 (2005). Broadwell appealed, challenging only his sentence.

Broadwell now moves for remand of this case to the district court for resentencing in light of United States v. Booker, 125 S. Ct. 738 (2005). The Government does not oppose remand for the purposes of resentencing. Because the district court applied the Guidelines as mandatory in sentencing Broadwell, and because Broadwell objected in the district court, Broadwell's motion is well taken.[2] Accordingly, although we affirm Broadwell's

---

[1] We note that although there was an appellate waiver in Broadwell's plea agreement, this case is distinguishable from our recent decision in United States v. Blick, 408 F.3d 162 (4th Cir. 2005), because the Government here has not sought to enforce the waiver.

[2] Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Broadwell's sentencing.

conviction, we grant the motion to remand for resentencing in light of the <u>Booker</u> decision.

Although the sentencing guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. <u>See</u> <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005) (applying <u>Booker</u> on plain error review). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. <u>Id.</u> If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). <u>Id.</u> The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 546-47. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART; VACATED AND REMANDED IN PART</u>

- 3 -